BRUCE A. KILDAY, ESQ., SB No. 066415
  Email: bkilday@akk-law.com
GÖKALP Y. GÜRER, ESQ., SB No. 311919
  Email: ggurer@akk-law.com
GARRETT E. SEUELL, ESQ., SB No. 323175
  Email: gseuell@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants COUNTY OF EL DORADO, EL DORADO COUNTY DEPUTY JACK KERRUISH, and EL DORADO COUNTY DEPUTY EVAN RICHARDSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER UPTON, an individual, | No.: 2:19-cv-1972 JAM DB |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF EL DORADO, et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff JENNIFER ANN UPTON ("Plaintiff") and Defendants COUNTY OF EL DORADO, EL DORADO COUNTY DEPUTY JACK KERRUISH, and EL DORADO COUNTY DEPUTY EVAN RICHARDSON (collectively, the "Defendants") (together, the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality, and in order to protect the fundamental right to privacy of Defendants and third-parties, the Parties hereby enter into this Confidentiality Agreement and Stipulated Protective Order (the "Protective Order") pursuant to and enforceable under Fed. R. Civ. P. 26(c).

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery in this litigation could potentially involve production of confidential and private information not otherwise made public as a matter of law, for which special protection from public disclosure and for use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties stipulate to the following Protective Order regarding production of confidential and private records.

2. <u>DISCOVERY MATERIAL SUBJECT TO THE PROTECTIVE ORDER</u>

Either Party, when producing any discovery material to the other Party, may decide what material to designate as subject to the Protective Order and shall have them marked as described below. Any discovery material designated "confidential" must be BATES-stamped and marked "CONFIDENTIAL." Further, in depositions or other proceedings, a Party seeking to designate testimony as confidential shall invoke this right on the record, and shall have fourteen (14) days from receiving the final transcript to designate some or all of the transcript "confidential" as described above.

3. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only the produced discovery material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal confidential discovery material.

//

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until the designating Party agrees otherwise in writing or a Court orders otherwise. Unless otherwise ordered or agreed in writing by the designating Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each receiving Party must return all confidential material to the designating Party. This includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the confidential material. With permission in writing from the designating Party, the receiving Party may destroy some or all of the confidential material instead of returning it. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain confidential material. Any such archival copies that contain or constitute confidential material remain subject to this Protective Order.

5. <u>INADVERTENT FAILURE TO DESIGNATE</u>

An inadvertent failure to designate qualified information or items as "confidential" does not, standing alone, waive the designating Party's right to secure protection under this Protective Order for such material. If the designating Party notifies the receiving Party of the inadvertent failure to designate and corrective designation within twenty-one (21) days from production, the receiving Party must make reasonable and good faith efforts to ensure that the material is treated in accordance with this Protective Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

If a Party seeks to challenge a confidentiality designation, that Party shall first engage in a good faith meet and confer with the designating Party, and if a resolution cannot be reached, that Party may seek judicial intervention. The burden of persuasion in any such challenge proceeding shall be on the designating Party. Until the Court rules on the challenge, the Parties shall continue to afford the material in question the level of protection to which it is entitled under the designating Party's designation.

-3-
CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

7. <u>DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL</u>

The receiving Party agrees to control confidential material that it has received, and agrees not to upload or post any confidential material to any online website and not to disclose any confidential material to any organizations, news or otherwise. Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any information or item designated "confidential" only to:

(a) the receiving Party's counsel of record in this litigation, as well as employees of the Party's counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Retained experts of the receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order", attached hereto as Exhibit A and incorporated herein by reference;

(d) the Court and its personnel;

(e) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information; and

(h) any representative for any insurer affording a defense and/or indemnity for the Receiving Party in this litigation; and

///

///

8. **CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of information designated "confidential," the receiving Party must notify the designating Party in writing and with a copy of the subpoena or court order within three (3) court days after receiving the subpoena or order. The receiving Party must also immediately notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order, and must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Agreement to be Bound by Protective Order" (Exhibit A).

10. **FILING AND USE OF PROTECTED MATERIAL**

Without written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any confidential material. A Party that seeks to file under seal any confidential material must comply with Local Rule 141. If a Party uses confidential material at a deposition or non-public hearing or proceeding, the Party shall state on the record, prior to use of such confidential material, that the information or document is confidential and is being used pursuant to the terms of this Protective Order.

11. **MISCELLANEOUS**

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek

1  its modification by the Court in the future.

2      11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

    11.3 <u>Execution in Counterparts</u>. This Protective Order may be executed in counterparts and each counterpart shall be deemed an original, and all counterparts taken together will constitute one and the same agreement, which will be binding and effective as to the Parties hereto.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 27, 2020      ANGELO, KILDAY & KILDUFF, LLP

    */s/ Gokalp Y. Gurer*
By:_____
    BRUCE A. KILDAY
    GOKALP Y. GURER
    GARRETT L. SEUELL
    Attorneys for Defendants

Dated: January 8, 2019      FRIEDMAN LAW FIRM, INC.

    */s/ Kevin W. Harris*
*(as authorized on 10.23.20)*
By:_____
    KEVIN W. HARRIS
    Attorney for Plaintiff

# ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: October 27, 2020            /s/ DEBORAH BARNES
                                   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I, _____, am about to receive confidential discovery materials supplied in connection with the proceeding, case no. 2:19-cv-01972-JAM-DB. I certify that I understand that the confidential discovery materials are provided to me subject to the terms and restrictions of the Confidentiality Agreement and Stipulated Protective Order filed in this proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that confidential discovery materials, as contemplated in and protected by the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this proceeding, any confidential discovery materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the proceeding.

I further understand that I am to retain all copies of all confidential discovery materials provided to me in the proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this proceeding, whereupon copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, ____, at _____, California.

Date: _____        By: _____