1  BRUCE A. KILDAY, ESQ., SB No. 066415
     Email: bkilday@akk-law.com
2  GÖKALP Y. GÜRER, ESQ., SB No. 311919
     Email: ggurer@akk-law.com
3  **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
   601 University Avenue, Suite 150
5  Sacramento, CA  95825
   Telephone:  (916) 564-6100
6  Telecopier:  (916) 564-6263

7
   Attorneys for Defendants COUNTY OF EL DORADO, EL DORADO COUNTY DEPUTY
8  JACK KERRUISH, and EL DORADO COUNTY DEPUTY EVAN RICHARDSON

9                        **UNITED STATES DISTRICT COURT**

10                       **EASTERN DISTRICT OF CALIFORNIA**

11

12 | JENNIFER ANN UPTON, | ) | Case No.: 2:19-CV-01972-JAM-DB |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | **STIPULATION AND ORDER TO** |
|  | ) | **MODIFY THE COURT'S PRETRIAL** |
| vs. | ) | **SCHEDULING ORDER** |
|  | ) |  |
| COUNTY OF EL DORADO, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

18      The parties, by and through their respective counsel of record and subject to the approval

19 of this Court, hereby stipulate and respectfully request to modify and extend the below deadlines

20 set forth in this Court's Status (Pre-trial Scheduling) Order dated April 30, 2020 (ECF No. 15).

21      Good cause exists for the modification because the parties are encountering obstacles in

22 scheduling fact witness depositions prior to the deadline to disclose expert witnesses. Fact

23 witness depositions were delayed by the significant amount of time it took to conduct written

24 discovery—which is now complete—that was further complicated by the COVID-19 pandemic.

25 Further, one of the key fact witnesses, Deputy Hamon, is on military leave. Deputy Hamon's

26 precise location and exact return date are confidential pursuant to military order, but he is

27 expected to return sometime in the Fall. It is crucial that his and the other fact witnesses'

28 depositions be taken well in advance of expert witness disclosures. This will ensure the parties

are equipped with expert opinions that are formulated on the basis of all fact witness depositions as well as relevant documentation. This will have the added benefit of giving the parties additional time to explore pre-trial resolution, which will again be aided by the disclosure of expert opinions based on adequate factual bases.

The parties seek the following modifications:

- That the expert witness disclosure deadline currently set for July 9, 2021 be moved to January 10, 2022;
- That the supplemental and rebuttal expert witness disclosure deadline currently set for August 6, 2021 be moved to February 7, 2022;
- That the discovery cut-off currently set for September 10, 2021 be moved to March 11, 2022;
- That the dispositive motion filing deadline currently set for October 19, 2021 be moved to April 19, 2022;
- That the dispositive hearing date currently set for November 16, 2021 be moved to June 7, 2022 at 1:30 pm;
- That the Final Pre-Trial Conference currently scheduled for December 17, 2021 be continued to July 22, 2022 at 10:00 am; and
- That the Trial currently scheduled for January 24, 2022 be continued to September 12, 2022 at 9:00 a.m.

The parties request the above modifications for the reasons articulated above, and detailed further below, which constitute good cause pursuant to FRCP 16(b)(4):

1. Initial disclosures were exchanged in June 2020, and since then the parties were conducting—and have now completed—written discovery. This took a significant amount of time because the Complaint alleges significant mental/emotional injuries and treatment, and Defendants were in the process of obtaining and analyzing Plaintiff's voluminous medical records. It also took time to obtain and analyze Plaintiff's criminal court transcripts and the various audio/video recordings from the El Dorado County Sheriff's Office, as well as provide responses to interrogatories, all of which needed to be produced and analyzed prior to

depositions being taken.  Completion of written discovery was further impacted and delayed by the COVID-19 pandemic.

2. Now, the parties are in the process of scheduling the depositions of 9 individuals: (1) Plaintiff Jennifer Upton; (2) Chuck Upton (Plaintiff's husband); (3) Trey Upton (Plaintiff's son); (4) Deputy Kerruish; (5) Deputy Richardson; (6) Deputy Jencks; (7) Deputy Thomsen; (8) Deputy Hamon; and (9) Sergeant Prencipe.  However, because written discovery took a significant time to complete given the voluminous documentation and pandemic-related delays, the parties find themselves unable to complete the depositions prior to the deadline to disclose expert witnesses (July 9).

3. Further, the parties have encountered a recent obstacle in arranging for the deposition of Deputy Hamon, a key non-party witness, because he is currently on military leave and is not expected to return until the Fall.  Defendants' counsel asked for Deputy Hamon's exact location with the military—with the hopes of potentially arranging a remote deposition, if necessary—but was told this information as well as the exact return date are confidential pursuant to military order.  This likewise presents a conflict with the expert disclosure deadline because it is crucial that all depositions be complete well before disclosure of experts, so that the parties' respective experts possess all deposition transcripts and other relevant documentation when formulating their opinions and drafting their reports.

4. The parties are also exploring settlement—potentially with a U.S. Magistrate Judge—with the hopes of resolving this case prior to trial.

The parties are optimistic that the new dates for discovery, dispositive motions, and trial will provide the parties with adequate time to complete fact depositions, disclose and depose expert witnesses, and file dispositive motions.  Further, the additional time to complete discovery and develop facts will provide an opportunity for the parties to engage in meaningful settlement negotiations and potentially attend a settlement conference.

The parties appreciate—and do not take lightly—that a trial continuance can create significant logistical challenges for the Court, and thus apologize for any inconvenience the requested modifications may cause.

IT IS SO STIPULATED.

Dated: June 14, 2021                                ANGELO, KILDAY & KILDUFF, LLP

                                                   */s/ Gökalp Y. Gürer*
                                                   By:_____
                                                   GÖKALP Y. GÜRER
                                                   Attorneys for Defendants COUNTY OF EL DORADO, EL DORADO COUNTY DEPUTY JACK KERRUISH, and EL DORADO COUNTY DEPUTY EVAN RICHARDSON

Dated: June 14, 2021

                                                   */s/ Kevin Harris*
                                                   *(as authorized on 6.14.21)*
                                                   By:_____
                                                   KEVIN HARRIS
                                                   Attorney for Plaintiff JENNIFER ANN UPTON

## ORDER

Good cause having been shown, it is ordered that:

1. Expert witness disclosure deadline be moved to January 10, 2022.
2. Supplemental and rebuttal expert witness disclosure deadline be moved to February 7, 2022.
3. Joint mid-litigation statement filing deadline be moved to February 25, 2022.
4. Discovery cut-off be moved to March 11, 2022.
5. Dispositive motion filing deadline be moved to April 19, 2022.
6. Dispositive motion hearing date be moved to June 7, 2022 at 1:30 p.m.
7. Final Pre-Trial Conference be continued to July 22, 2022 at 10:00 a.m.
8. Trial be continued to September 12, 2022 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: June 14, 2021                                /s/ John A. Mendez
                                                   _____
                                                   THE HONORABLE JOHN A. MENDEZ
                                                   UNITED STATES DISTRICT COURT JUDGE